USALLIANZ SECURITIES, INC., Plaintiff,

v.

SOUTHERN MICHIGAN BANCORP, INC., and Grace N. Conrad, by and through Rita M. Liechty, Trustee of the Grace N. Conrad Living Trust, Defendants.

Nos. 1:03–CV–369, 1:03–CV–370.

United States District Court,
W.D. Michigan,
Southern Division.

Oct. 20, 2003.

Nancy A. Wiltgen, Esq., Leonard, Street and Deinard, P.A., Minneapolis, MN, for Plaintiff.

Joseph H. Spiegel, Esq., Joseph H. Spiegel, P.C., Ann Arbor, for Defendants.

## OPINION

ROBERT HOLMES BELL, Chief Judge.

Plaintiff USAllianz Securities, Inc. ("US-Allianz") has brought this action to obtain a preliminary and permanent injunction enjoining Defendants Southern Michigan Bankcorp., Inc. ("Southern Michigan") and Grace Conrad ("Conrad") from forcing US-Allianz to arbitrate their claims through the National Association of Securities Dealers ("NASD") pursuant to FED. R. CIV P. 65, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and the Michigan Arbitration code M.C.L. § 600.5001 *et seq.* USAllianz also seeks a declaratory judgment that Southern Michigan's and Conrad's claims are not subject to arbitration before the NASD. Southern Michigan and Conrad have counterclaimed seeking an order compelling arbitration pursuant to 9 U.S.C. § 4 and have filed a cross-motion for summary judgment.

Before this Court is Plaintiff's motion for summary judgment seeking injunctive and declaratory relief as well as Defendants' motions for summary judgment and to compel arbitration.

## I.

Prior to November 2000, James Morrison ("Morrison") was a registered representative of Jefferson Pilot Securities, a registered broker-dealer and member of the NASD. In November 2000, Morrison became a registered representative of US-Allianz. Seale Aff. at ¶ 5. USAllianz, formerly known as Life USA Securities, Inc., is a full-service, registered broker-dealer and member of the NASD. Seale Aff. ¶ 2.

James J. Morrison & Associates Inc. is a corporation principally owned by Morrison. (Conrad Mot. for Summ. J. Ex. 1 ¶ 3) This corporation conducts business in both securities and insurance. During the times at issue, Morrison operated this business and conducted business as either a registered agent of Jefferson Pilot or USAllianz from a single facility.

Southern Michigan is a bank holding company for a community bank in Coldwater, Michigan, and Conrad is a resident of Branch County, Michigan. During the times at issue, Morrison also held various board positions for Southern Michigan

In 1998 and 1999 while a registered representative of Jefferson Pilot, Morrison sold to Southern Michigan and Conrad viatical contracts issued by Future First Financial Group, Inc. ("Future First"). Viatical contracts are investment contracts in which an investor acquires an interest in the life insurance policy of a terminally ill person at a discount of 20 to 40 percent. *S.E.C. v. Life Partners, Inc.* 87 F.3d 536, 537 (D.C.Cir.1996). When the insured dies, the investors receive the benefit of the insurance and collect a profit from the difference between the death benefit col-

lected and the discounted purchase price, less some administrative expenses. *Id.*

Southern Michigan purchased Future First viatical contracts through Morrison totaling $250,000 and Conrad purchased contracts totaling $88,000. Southern Michigan and Conrad both allege that Morrison claimed that investments in viatical contracts were "safe and secure." (Southern Michigan Compl. Ex. 1 ¶ 14, Conrad Compl. Ex. 1 ¶ 11). In addition, Southern Michigan alleges that Morrison promised an overall profit of $87,500 on its contracts. (Southern Michigan Compl. Ex. 1 ¶ 18). In November, 2000, Morrison terminated his association with Jefferson Pilot and became a registered representative of USAllianz.

In May 2002, the Florida Department of Insurance issued a final order revoking Future First's license. Subsequently, Southern Michigan and Conrad were notified that Future First did not have sufficient funds to pay any premiums. Both parties allege that the investments are now worthless.

Southern Michigan and Conrad filed Statements of Claims with the NASD seeking arbitration of securities and common law fraud claims against USAllianz as well as Jefferson Pilot and Morrison. The claims allege violations of federal securities laws, Michigan securities law, fraudulent misrepresentation and breach of fiduciary duty. The basis of the claims raised against USAllianz are generally a failure to supervise its agents, specifically Morrison. USAllianz responded by filing the instant action for a declaratory judgment and a preliminary and permanent injunction. Southern Michigan and Conrad countered seeking an order compelling USAllianz to arbitrate through the NASD.

## II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment, the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the non-moving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"On summary judgment, all reasonable inferences drawn from the evidence must be viewed in the light most favorable to the parties opposing the motion." *Hanover Ins. Co. v. American Engineering Co.,* 33 F.3d 727, 730 (6th Cir.1994) (citing *Matsushita,* 475 U.S. at 586–88, 106 S.Ct. 1348). Nevertheless, the mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.See generally, Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1476–80 (6th Cir.1989).

■ As an initial consideration, this Court must determine whether USAllianz entered into a contract to arbitrate. The analysis of whether an issue is subject to arbitration is a matter of contract. *AT & T Techs. v. Communications Workers of Am.* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). A party cannot be

compelled to submit to arbitration any dispute which the party has not agreed to submit. *Id.* By virtue of its membership in the NASD, USAllianz has agreed to arbitrate all disputes contemplated under Rule 10301 of the NASD Code. *See John Hancock Life Ins. Co. v. Wilson,* 254 F.3d 48 (2d Cir.2001). USAllianz, however, argues that Southern Michigan's and Conrad's claims are not within the scope of Rule 10301.

The NASD Code of Arbitration Procedure provides a rule for determining the eligibility for bringing a dispute before the NASD. The rule states "any dispute, claim, or controversy arising out of or in connection with the business of any member ... or arising out of the employment ... of associated person(s) with any member ... between or among members or associated persons and public customers or others" is eligible for arbitration before the NASD. NASD Rule 10101. Neither party disputes that the claims may be eligible for arbitration. The dispute centers on the applicability of the requirement to arbitrate under NASD Rule 10301(a). Under NASD Rule 10301(a), customer disputes that are eligible for submission under Rule 10101 and that arise in connection with the business of a member or activities of member's associated persons are required to be arbitrated under the NASD Code.

▮ The Sixth Circuit Court of Appeals decision in *Vestax Securities Corp. v. McWood,* 280 F.3d 1078 (6th Cir.2002), instructs this Court on the application of NASD Rule 10301(a). The Court of Appeals explained that there are two conditions that must be satisfied to trigger the NASD arbitration requirement. *Vestax* at 1080. First, the claim must involve a dispute between either an NASD-member and a customer or an associated person and a customer. *Id.* Second, the dispute must arise in connection with the activities of the member or in connection with the business activities of the associated person. *Id.*

In *Vestax,* customers of two registered representatives of Vestax sought to compel Vestax into arbitration for their representatives' allegedly poor investment advice and for Vestax's alleged failure to supervise its agents. *Id.* at 1080. The investors never established an account with Vestax nor had they purchased any securities through the brokerage house. *Id.* The *Vestax* court, nonetheless, found that the investors were entitled to arbitrate their claims before the NASD.

The Court of Appeals in *Vestax* relied on two Second Circuit Court of Appeals decisions for the premise that an agent of the financial services firm is an "associated person" under NASD Rule 10301(a). In addition, the court stated that a dispute that arises from a firm's lack of supervision "arises in connection with its business" under NASD Rule 10301(a). *Id.* at 59.

▮ USAllianz contends that Southern Michigan and Conrad are not customers of USAllianz because neither Southern Michigan nor Conrad opened a brokerage account or purchased the securities at issue through USAllianz. Under the approach of *Vestax,* a direct relationship between USAllianz and the investors, however, is not required. *Id.See also John Hancock Life Ins. Co. v. Wilson,* 254 F.3d 48 (2d Cir.2001) (holding that the investors were customers of John Hancock because investors had a relationship with a John Hancock sales representative); *Oppenheimer & Co. Inc. v. Neidhardt,* 56 F.3d 352 (2d Cir.1995) (explaining that when an investor deals with an agent or representative, the investor deals with the member). Southern Michigan and Conrad have alleged that Morrison acted as a financial advisor to them at all relevant times. (Conrad Compl. Ex. 1 ¶ 66, Southern Mich. Compl.

Ex. 1 ¶ 66). USAllianz has failed to bring forth any evidence that creates a genuine issue of fact on this matter. Because Southern Michigan and Conrad have a relationship with Morrison who is a USAllianz registered representative and an "associated person" of USAllianz, Southern Michigan and Conrad are "customers" of USAllianz within the meaning of NASD Rule 10301(a).

■ USAllianz also contends that Southern Michigan and Conrad do not have claims arising in connection with its business because the securities at issue were purchased from Morrison before he became a registered representative of US-Allianz. Southern Michigan and Conrad have raised claims including USAllianz's failure to supervise Morrison. USAllianz contends these claims are a matter of causation, that USAllianz failed to prevent Morrison from selling viaticals before he even was affiliated with USAllianz. Southern Michigan and Conrad, however, clearly allege a continuing duty to supervise and to act to lessen the losses resulting from the purchase of viaticals. Whether Southern Michigan or Conrad have alleged meritorious claims is not pertinent to this inquiry. These allegations clearly implicate USAllianz for its conduct upon affiliating with Morrison. The claim of failure to supervise "arises in connection with the business" of USAllianz for the purposes of Rule 10301(a).

At oral argument, USAllianz conjectured that Rule 10301(a) as this Court applies it today would result in broker-dealers being vulnerable to compelled arbitration for claims arising many years before becoming affiliated with its "associated persons." This Court, however, must leave the legitimate policy issues raised by Plaintiffs to those charged with developing and approving NASD policy. *Vestax* at 1083 (Nelson, J., concurring).

Under the approach outlined in *Vestax*, Southern Michigan and Conrad are "customers" of USAllianz within the meaning of the NASD Code of Arbitration and the claim of failure to properly supervise "arises in connection with the business" of USAllianz. Southern Michigan and Conrad are entitled to summary judgment as a matter or law.

### III.

■ A party seeking arbitration is entitled to an order to compel arbitration when the party resisting arbitration has failed to raise a genuine issue of fact that no arbitration agreement existed. *Oppenheimer & Co. Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir.1995). This Court has concluded that an arbitration agreement exists and that the claims are within the scope of the agreement. Accordingly, USAllianz has failed to raise a genuine issue of fact as to the existence of an arbitration agreement and an order compelling arbitration is proper pursuant to 9 U.S.C. § 4.

### IV.

For the reasons stated herein, Plaintiff's motion for summary judgment will be denied; Defendants' motions for summary judgment will be granted and Defendants' motions to compel arbitration will be granted.

An order consistent with this opinion will be entered.